UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

*6207*

CASE NO. 00-620-CR-DIMITROULEAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| BRADLEY HERTZ, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |



## UNOPPOSED MOTION FOR CONTINUANCE OF TRIAL

The Defendant, **BRADLEY HERTZ,** by and through undersigned counsel respectfully moves for a continuance of the trial date presently set for the two week period commencing October 23, 2000 and in support states as follows:

1.     This is the Defendant's first motion for continuance. The Defendant was arraigned on September 21, 2000 and trial has been set for the two week period commencing October 23, 2000.

2.     This case presents the Court with an unusual set of circumstances which defy the court's practice of setting the trial promptly.

3.     After lengthy negotiations, the government and the Defendant have come to an agreement on a plea agreement and recommended sentence to present to this

1

Court. This criminal case however, being a healthcare fraud case, has collateral estoppel implications due to the presently outstanding and previously filed False Claim Act civil case, 95-7104-Civ-Gonzalez[1].

4. Like the criminal case, there have been significant, lengthy and ongoing settlement negotiations in this matter. Were Mr. Hertz to enter the agreed upon guilty plea in this case and the settlement discussions in the civil case fail to reach fruition, Mr. Hertz by virtue of his negotiated criminal plea would face a collateral estoppel issue in the civil case.

5. While this Court should not necessarily be burdened with what might be categorized as the parties' problem, the Court should be made aware of one important additional fact: Mr. Hertz and the government have also reached almost a complete agreement on the false claims case. Both matters, were it up to Mr. Hertz and the government would be settled. However, there are two outside parties (outside of the criminal case) that have placed Mr. Hertz and the government in the position of not being able to close out the civil case yet. These are the relators that brought the original qui tam civil action and Mr. Hertz' former wife, now Joyce Falsaca. Ms. Falsaca was recently brought into the civil case for a return of funds that the government alleges were fraudulently transferred to her. This situation is further complicated geometrically by the fact that as part of the divorce settlement from Ms.

---

[1] While a 1995 case number, the matter was not unsealed until May 10, 1999.

2

Falsaca, Mr. Hertz agreed to indemnify then Mrs. Hertz for both attorney's fees and any judgment should the government seek funds stemming from the healthcare proceeds at issue.

6. All of the above places the Defendant in the current position of being unable to presently resolve the criminal case (enter a guilty plea) until the civil matter is settled. In light of Hertz' agreements with the government in both the civil and criminal cases, the government has concurred with the Defendant's position that he not be compelled to enter a guilty plea at this time. Neither party desires to have this matter tried. It is in both parties' best interest and indeed the Court's as well, to have the matter pled.

7. Should the Court acquiesce to the parties' request of placing this matter, so to speak, in a holding pattern, allowing for a final resolution of the civil case, this, of course, could occur in weeks or months.[2] Mr. Hertz and the government understand that they are asking this Court to do the unusual. However some cases, not many, justify treating them uniquely rather than typically. Most respectfully, the Defendant submits that this is one of those case.

---

[2] There is an outstanding Motion to Dismiss that has been filed by Ms. Falsaca. The undersigned fervently believes that upon Judge Gonzalez' ruling on this matter, in either direction, each party will then have a greater motivation to settle their differences.

3

8. The United States, through Assistant United States Attorney Robert Nicholson does not oppose this request.

WHEREFORE, for the foregoing reasons, this Court is respectfully requested to continue the criminal trial, have the matter heard in sixty (60) days as a status report and give the parties at the outside, one hundred eighty (180) days to resolve the civil case so that a plea can be entered in this matter.

Respectfully submitted,

MICHAEL J. ROSEN, ESQ.
Counsel For Defendants
Florida Bar No. 183719

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the above and foregoing Motion for Continuance of Trial was sent via U.S. Mail to Assistant United States Attorney Robert Nicholson, 299 E. Broward Blvd., Ft. Lauderdale, Florida 33301 this 11th day of October, 2000.

MICHAEL J. ROSEN

4