UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6207-Cr-DIMITROULEAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| -vs- ) | FILED by _____ D.C. |
| ) | DEC 0 2000 |
| BRADLEY HERTZ, ) | CLARENCE MADDOX |
| ) | CLERK U.S. DIST. CT. |
| Defendant. ) | S.D. OF FLA. FT. LAUD. |
| _____/ | |

## STATEMENT OF FACTS

Were this matter to go to trial, the United States would prove by competent evidence the following facts:

During the time period covered by the information:

1. BRADLEY HERTZ was the President of Interim Healthcare of Hollywood, Inc., and was responsible for the daily operations of the corporation.

2. JOHN LEITI was, at various times, the Chief Financial Officer and Vice President for Finance, of Interim Healthcare of Hollywood, Inc., and was responsible for the financial operations of the corporation, including the preparation of Medicare cost reports.

3. Interim Healthcare of Hollywood, Inc., submitted cost reports to the Department of Health and Human Service, through its intermediary, claiming payment and reimbursement for home healthcare services provided to Medicare beneficiaries.



4. The cost reports submitted by Interim Healthcare of Hollywood, Inc., contained a certification that the reports were a true, correct and complete statement of the Medicare reimbursable costs incurred by Interim Healthcare of Hollywood, Inc., for the pertinent year.

5. The certifications on the cost reports submitted by Interim Healthcare of Hollywood, Inc., were signed by either BRADLEY HERTZ or JOHN LEITI.

6. BRADLEY HERTZ and JOHN LEITI jointly agreed to include claims for expenses in the cost reports submitted by Interim Healthcare of Hollywood, Inc., to Medicare that they knew were not reimbursable by Medicare.

7. During the years 1994 through 1997, BRADLEY HERTZ intentionally included, and caused to be included, in the Medicare cost reports submitted by Interim Healthcare of Hollywood, Inc., various non-reimbursable personal expenses of BRADLEY HERTZ, knowingly these expenses to be non-reimbursable by Medicare. These non-reimbursable expenses included personal travel expenses and personal meal expenses of BRADLEY HERTZ that were not related to patient care of Medicare beneficiaries.

8. During the years 1996 and 1997, BRADLEY HERTZ intentionally included, and caused to be included, in the Medicare cost reports submitted by Interim Healthcare of Hollywood, Inc., claims for salary expenses of Walter Hertz that were unrelated to the administration of the Medicare component of Interim Healthcare of Hollywood, Inc., knowing these salary expenses to be non-reimbursable by Medicare.

9. The inclusion of the non-reimbursable personal expenses of BRADLY HERTZ and the non-reimbursable salary expenses of Walter Hertz in the cost reports submitted by Interim Healthcare of Hollywood, Inc., to Medicare resulted in Interim Healthcare of Hollywood, Inc.,

2

receiving payments from Medicare which Interim Healthcare of Hollywood, Inc., was not entitled to in the amount of $120,000.

All the above actions occurred in the Southern Judicial District of Florida.

GUY A. LEWIS
ACTING UNITED STATES ATTORNEY

Date: 12/7/00    By: _____
ROBERT N. NICHOLSON
ASSISTANT UNITED STATES ATTORNEY

Date: 12/7/00    By: _____
MICHAEL ROSEN, ESQ.
ATTORNEY FOR DEFENDANT

Date: 12/7/2000    By: _____
BRADLEY HERTZ
DEFENDANT