## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 00-6207-DIMITRIOULEAS

-----------------------------------------------X

**UNITED STATES OF AMERICA,**
**Plaintiff,**

--Vs.—

**BRADLEY HERTZ,**

**Defendant.**

-----------------------------------------------X

## DEFENDANT'S SENTENCING MEMORANDUM

### I.
### INTRODUCTION

This memorandum is respectfully submitted to supplement the
Presentence Investigation Report (PSI) to assist the Court in determining an
appropriate social sanction in this case.

The Sentencing Guidelines provide a baseline for the determination of
a fair and just sentence. However, the purpose of the Guidelines is not
merely to "relegate the sentencing judge to the role of a scrivener whose
only function is to tally the pluses and minuses prescribed in the guidelines
and produce a bottom line sentence." United States v. Weaver, 920 F.2d
1570, 1577 (11th Cir. 1991). "To the convicted defendant, sentencing is the



most important part of the criminal case." *See e.g.*, United States v. DiFrancesco, 449 U.S. 117, 149 (1980). Thus, defendant summarizes mitigating factors and circumstances relevant to sentencing in this case.

## II.
## STATEMENT OF THE CASE

Brad Hertz, a 46 year old local businessman, plead guilty pursuant to a plea agreement to a single count information charging conspiracy to submit a false claim to Medicare.

## III.
## CHARACTER AND BACKGROUND OF BRAD HERTZ

### A.    Family Circumstances—The Primary Caretaker

Brad is a single Dad sharing parental custody of two children, **Branden (age 15) and Keegan (age 9)**. PSI at para. 40. During the alternating weeks of his custody, Brad gets the kids off to school, feeds them, picks them up and drives to after school activities.

Brad is a nurturing father whom the children adore and depend for their primary emotional sustenance. He is the one for whom parenting has been a major undertaking.[1]

---

[1]    Brad's former wife, Joyce, is quoted in the PSI as stating that he is an "excellent father who is extremely family-oriented" and that he has always been a "participating father" which she believes "will take a toll on the children after his incarceration." *Id.* at Para. 41.

### 1.    The Hertz Children

When Brad and his former wife were in the process of divorce in 1999, Brad began attending therapeutic counseling sessions with Branden and a child therapist, **Karen Kriger, LCSW**, to address a universe of concerns. The PSI notes Branden has a learning disability and attention deficit disorder. *Id.* at 40. This condition was exacerbated by the stress of parental separation and ultimately manifested in anti-social conduct that Brandon exhibited, including his unauthorized use of the family car that resulted in a total wreck.

Patiently and tenaciously, Brad has devoted himself to helping Branden with his coping skills and personal growth. He has been especially entwined in the development of both children, including "Daddy's Girl," Keegan.

### 2.    Surrogate Children

In addition to raising and serving as the primary caretaker for his own children, Brad raised a stepson, **Stauch Wolf**, "from the age of 6 with little help from Stauch's biological father." PSI at para. 41. Stauch, now 29 years of age, "thinks of the defendant as his 'father.'" *Id.*

**Eric Johnson** is a friend of Brad's stepson, Stauch, and he has written to advise the Court of his 15 year relationship with the defendant. Mr.

3

Johnson--- currently a fourth year Ph. D. candidate in Pharmacology and Molecular Medicine at Yale University--- states that he owes much of his academic success to the support, "positive encouragement, and financial assistance" of Brad Hertz. *See* Exhibit 1.

Eric Johnson states that his own father was "an abusive alcoholic" whose single Mom could not afford to send him to college. When faced with the prospect of dropping out of community college to work full-time, Eric states that "Brad would not allow it." "He generously offered to help pay for school, provided me with a no-interest loan [to buy a used car], and even allowed me to live in his home. . . while in school so that I would not have to worry about such living expenses." *Id.*

Such altruism and human compassion is not an isolated incident in the life of one man. **Amber Weiss** is a young woman who met Brad and his family through a nephew 10 years ago. She states that:

> . . . My parents had just gone through a divorce and I was having a hard time accepting the fact that my dad wanted nothing to do with me. Brad noticed right away that I was lost in life and truly needed a father figure. The Hertz family became my second family. Brad personally decided to become the father I was longing for. . . I was even included in summer family vacations. . .

Exhibit 2.

> He pointed me to the importance of a college education. I hadn't thought much beyond Broward Community College. My

4

mom was a single mom and community college was my only choice. I was offered a swimming and water polo scholarship out of community college and Brad offered to help my mom out with the tuition not covered by my scholarships. This gave me the opportunity to go away to a four-year school and focus 100% on classes and athletics.

All Brad asked for in return was a ticket to graduation. Six long years later, Brad was the proud father sitting in the stands watching me receive my diploma. I triple majored in Special Education, Elementary Education and Early Childhood Education. Brad has been the only positive male role model that I ever had...

*Id.*

### 2.    Brad's Elderly Dad

Throughout his life, Brad has had a particularly close relationship with his father, **Walter Hertz**.[2] The Senior Hertz is 81 years of age, now suffering from the debilitating effects of Alzheimer's Disease. PSI at Para. 37. Brad spends at least 2 – 3 days per week caring for his father, *Id.*, and presently resides with him as needed. *See* Order Modifying Conditions of Release (2/1/01), DE 45.

Brad's sisters, **Arlyne Shannon** and **Pam Hickey**, reside in New York, *Id.* at Para. 38, will have to assume hands on responsibility for their father's care with Brad's impending imprisonment or arrange adequate

---

[2]    Brad took over this family business from his Dad and kept him on the company books. However, this salary was improperly submitted to Medicare forming part of the offense conduct in this case.

staffing to assist their Dad in life functions. Brad and his sisters have agonized over this dilemma without any apparent solution. Brad's sisters have written to the Court to articulate their thoughts concerning sentencing and Brad's role within the family. *See* Exhibits 3.

## IV.
## STANDING IN THE COMMUNITY

Brad Hertz is and has been a vital member of our community, participating in a myriad of civic organizations. **Arthur Keiser, Ph. D.**, Dean of Keiser College, states:

> I have known Brad Hertz since 1983. . . Over the past eighteen years, I have worked with Brad in a number of organizations in which he has constantly demonstrated an open heart, a desire to help the less fortunate and a commitment to his friends. Brad has been a concerned and loving father, an outstanding entrepreneur and a loyal friend.
>
> . . . [O]n numerous occasions Brad has expressed his concern and remorse regarding his problem with . . . Medicare. . . I firmly believe that this life crisis has made a lasting impact on him and I am confident he would never engage in similar activities again. . .

Exhibit 4. These sentiments are echoed by **Eugene Samuels, Esquire**, an attorney with whom Brad has worked in the healthcare field:

> The activity that is the subject of the matter before [Your Honor] is not indicative of Brad's past business practices. . . nor. . . his future [conduct]. . . [K]nowing Brad as I do, I believe that he will take all steps necessary to ensure that in any future

> business and personal endeavors, all laws and regulations are clearly complied with.
>
> I have maintained contact with Brad throughout this matter [and] I know that he feels much regret concerning his actions and the effect they have had on his reputation. . . He understands that to remain in this community and be successful, he must mend his reputation and avoid further wrongful acts. . .

Exhibit 5. **Douglas Tortura** writes that Brad "has discussed his legal problems with me and [he] is truly sorry for his misconduct and saddened by the shame that this has brought. . ." Exhibit 6.

**Charlotte A. Peterson, Ph. D.**, is a friend of Brad's who teaches Geriatrics at the University of Arkansas Medical School. Dr. Peterson also underscore the nature and depth of Brad's contrition: "Having spent time recently with Brad, one thing is clear—his remorse is heart felt." Exhibit 7. She adds that Brad's main concern is not imprisonment; it's maintaining "an active presence" in his children's lives. *Id.*

Finally, **Dr. Al Petti** is a local physician who has known and cared for Brad for more than 10 years. Dr. Petti, who served as a Medical Director for Interim Healthcare for 5 years, notes that Brad's conduct was an aberration—"completely out of character with his professional and social ethics." *See* Exhibit 8.

## V.
## CONCLUSION

There are a host of mitigating factors and circumstances in this case to assist the Court in determining where, within the applicable guideline range, sentence should be imposed. The confluence of financial and retributive sanctions combine to present circumstances of a kind and to a degree that pose a specific and formidable hardships, given the defendant's ongoing financial responsibilities to the United States and his family.

The parties have not filed objections to the PSI or the guideline calculations. The indicated range— subject to the concurrence of this Court— is 12 – 18 months imprisonment. PSI at Para. 99.

Pursuant to the plea agreement, defendant will pay $120,000 in restitution at the time of sentencing. The parties have also agreed that defendant will pay the maximum fine indicated by the guidelines, $30,000 at the time of sentencing.

Finally, defendant is also obligated to pay a total of $1.6 milliion pursuant to a settlement of claims in United States v. Interim Healthcare of Hollywood, Inc., et. al., Case No. 95-7104-CIV-Gonzalez. The agreement requires payment of $280,000 upon execution (the "effective date") and three annual payments of $400,000 thereafter plus 7% interest.

Brad's primary source of income at this point hangs upon his personal operation and management of a shopping plaza located on Griffin and Pine Island Roads in Davie. As much as he has attempted to ensure the continuity of its operation—and efforts to sell the property to realize the assets necessary to meet the financial obligations of the criminal and civil cases--- this aspect of Brad's life remains problematic.

Thus, in reaching an informed sentencing disposition, the Court should be mindful of Rule $32(b)(4)(E)$[3] which directs that in certain cases the Court should consider the wide range of sanctions available under the Bureau of Prisons policies and programs.

For these reasons and other compelling reasons consistent with the fair administration of justice, it is respectfully prayed that the Court impose a sentence of one year and a day imprisonment and encourage the Bureau of Prisons to execute the sentence in whatever manner the Court deems fair and appropriate under the totality of circumstances relevant to sentencing.

---

[3]    "The presentence investigation report must contain-- . . . in appropriate cases, information about the nature and extent of nonprison programs and resources available for the defendant."

9

Respectfully submitted,

**BENSON B. WEINTRAUB, PA**
Co-Counsel for Defendant (Hertz)
1 East Broward Blvd. # 700
Ft. Lauderdale, FL. 33301
Tel. 954 713 8018
Fax 954 713 8019
http://federalsentencing.net

By: _____
**BENSON B. WEINTRAUB**
Florida Bar No. 0486418

**MICHAEL J. ROSEN, PA**
Attorney for Defendant
2400 South Dixie Hwy. #105
Miami, FL. 33133
Tel. 305 858-9700
Fax 305 858-7299

_____
**MICHAEL J. ROSEN**
Florida Bar No. 183719

**CERTIFICATE OF SERVICE**

I CERTIFY that the foregoing notice was delivered by mail this 9th

day of February, 2001 to: STEVE PETRI, AUSA 500 East Broward Blvd.

7th Floor, Ft. Lauderdale, FL. 33301 and FRANCES WEISBURG, USPO

299 East Broward Blvd. Ft. Lauderdale, FL. 33301

_____

1

January 5, 2001

Honorable William P. Dimitrouleas
United States District Judge
US District Court for the Southern District of Florida
299 East Broward Boulevard Room 203
Fort Lauderdale, Florida 33301

Eric Feral Johnson
Department of Pharmacology
Yale University School of Medicine
333 Cedar Street Building SHM Room B371
New Haven, Connecticut 06520
Email: eric.f.johnson@yale.edu
Phone: (203) 737-1527

Re: US v. Bradley Hertz (case # 00-6207-CR-WPD)

Your Honor,

I am writing to express my personal knowledge of Brad Hertz. While it is difficult to put
into words my admiration for Brad and to describe the goodness of which he is capable, I
have tried to summarize my 15-year relationship with him in the following. I would
greatly appreciate your valuable time in considering this to be a testament to Brad's
character.

I have known Brad since his son, Stauch, and I became friends in high school back in
1986. From early on, Brad treated me like family and, in fact, has become the father and
role model I never had. Brad instilled in me the character traits of hard work, honesty,
and compassion.

The hard work ethic is exemplified by his constant encouragement of my attending
school. I am certain that if it were not for Brad, I would not be were I am today.
Although I was not his son, Brad expressed anger and disappointment with me when he
caught Stauch and I cutting class in high school and would have long talks with me about
the importance of education. His positive encouragement and financial assistance in times
of need made it possible for me to go from a "C-D"-student in high school, to an "A"-
student at Broward Community College, to having a 4.0 GPA with a BS in chemistry and
a BA in physics from Florida Atlantic University, to my current position as a 4th year
Ph.D. candidate in the Pharmacology and Molecular Medicine track at Yale University
School of Medicine. Yale's pharmacology department is among the top in the country
and is often considered to be the best. I am extremely fortunate to have gained
admittance, for only 4-6 people/year on average are accepted (4 the year I joined) each of
whom receive full support (tuition, living expense stipend, and medical insurance).

My life has not always been so fortunate. My father was an abusive alcoholic and my mother and I left him when I was only four. For a short while, I was allowed to visit my father who supposedly was recovering, but unfortunately relapsed. I have not seen him since I was six. Although he was supposed to pay child support, he never did. My mother worked odd jobs (car sales, amway, etc.) to make ends meet and managed to support me through my teenage years, but could not afford to contribute toward college. In fact, soon after I began studying at BCC, she lost our home (I was still living with her at the time) in a bank foreclosure. Having grown up without a father and with a mother who could not afford to contribute to the cost of tuition and books, I had to work full-time during college. Despite full-time work, however, there were several times when the stress of full-time work and school compounded with financial difficulty and severe family problems made me want to quit school, at least for the time being, and take a second job. At these times, Brad told me, "he would not allow it." He generously offered to help pay for school, provided me with a no-interest loan to buy an inexpensive means of transportation, and even allowed me to live in his home's guest room while in school so that I would not have to worry about such living expenses. This provided me with the encouragement to press on and obtain my degrees. It is likely that, had I left school, I would not have finished and would not be where I am today.

I have known Brad to be the same with everyone else in his life and business and have never known him to be selfish or ruthless with anyone or in anything he has done. Knowing Brad to be such a caring and responsible man, I was truly devastated to learn of his involvement in this legal matter. While I am angry that my role model and father-figure may have done something so out of character and unlike his life-long example to me, I am confident that Brad is truly remorseful and that it is highly unlikely that he would ever violate the law in the future.

I urge your honor to please show leniency with regard to imposing a sentence upon Brad. For, I am certain that Brad can offer much more to his family in terms of wage earning and providing love and to the community in terms of financial restitution and renewing himself as the kind, honest, and unselfish businessman that I know him to be, if only given the chance.

Most Sincerely,

Eric Feral Johnson

January 12, 2001

**Honorable William P. Dimitrouleas**
Unite States District Judge
US District Court for the
Southern District of Florida
299 East Broward Boulevard Room 203
Fort Lauderdale, Florida 33301

RE: **US v. Bradley Hertz**
    Case No. 00-6207-CR-WPD

I am writing to try and share with you my love and admiration for Brad Hertz. I
do realize that you see him in a different light. I would like to show you the
wonderful side of Brad Hertz that all of his family and friends know and love.

I have known Brad and his family for over ten years. I was introduced to the
Hertz family by their nephew who I was dating at the time. It was apparent that
I was a troubled teen. My parents had just gone through a divorce and I was
having a hard time accepting the fact that my dad wanted nothing to do with
me. Brad noticed right away that I was lost in life and truly needed a father
figure. The Hertz family became my second family. Brad personally decided to
become the father I was longing for in my life. I was even included in every
summer family vacations.

Brad did not stop there. He pointed out to me the importance of a college
education. I hadn't thought much beyond Broward Community College. My
mom was a single mom and Community College was my only choice. I was
offered a swimming and water polo scholarship out of Community college and
Brad offered to help my mom out with the tuition not covered by my
scholarships. This gave me the opportunity to go away to a four-year school and
focus 100% on classes and athletics.

All Brad asked for in return was a ticket to graduation. Six long years later Brad
was the proud father sitting in the stands watching me receive my diploma. I
triple majored in Special Education, Elementary Education and Early Childhood
Education. Brad has been the only positive male roll model I have ever had in
my life. He has gotten me through all of the rough times a college girl would
have and still is there when I need a shoulder to cry on.

Now Brad needs a shoulder to cry on and I am happy to be here for him. Two
Years ago when Brad informed me of all the legal trouble he was in I had a hard
time believing what I was hearing. Talking to Brad is very hard now. He was

the type of person that never let anything get him down. I must say the last two years have really gotten to him. I hear the remorse in his voice and see it on his face. I know the thought of leaving his children breaks his heart. I wish there were some type of sentence that would allow Brad to spend part of the day in the real world. This would give him a chance to start over with a clean slate.

I can not even imagine the pain he is feeling now knowing he will not be able to lend an ear and listen to others problems in prison. I pray that this ordeal will soon be over for him. I hope he can correct all his wrongs and is allowed to move on.

Thank you for listening.

Sincerely,

Amber A. Weiss

## Pam & Tim Hickey

Telephone 631-669-4340
E-Mail: Haltatc@aol.com    Fax 631-669-4340

40 Lucinda Drive
Babylon, New York, 11702

To Your Hon. William P. Dimitrouleas
United States District Judge
US District Court for the
Southern District of Florida
299 East Broward Boulevard Room 203
Fort Lauderdale, Florida 33301

RE: US v. Bradley Hertz
Case No. 00-6207-cr-wpd

I am writing this letter on behalf of my brother Bradley Hertz. Being the oldest of 3 children I would like to express how traumatic this situation has been on our entire extended family.

Brad has always been involved in our family affairs, he and I worked together 30 years ago at the Sizzler Restaurant that my father then owned. Once he graduated college he began living in Florida where he continued to help my parents.

Brad had taken on the role of Family Patriarch for the last 15 years. My father, excited with pride, gradually gave him more and more control of the business. Later as my mothers health deteriorated she too took less interest in the business and depended more upon Bradley. He worked very hard and was extremely proud of his achievements. Building up this business was going to be his legacy.

Since Brad lives in Florida and myself and my sister are still in New York , he has taken on the responsibly of overseeing the welfare of our 81 year old father. A better son no father could ask for ! He visits with him weekly, brings him to his grandson's soccer games, and continues to give my father his dignity. My father does not truly understand the impact that this time away from Brad will have on him. If he does not hear from Brad in 2 days, he gets agitated and has his care taker calling and looking for Brad. He truly lives to see his son even if it's just for a lunch date.

Throughout the years, while his marriage was shaky , he maintained a strong influence on his 2 children and also on his step son. Brad is the parent that takes charge of the children. He is the one who knows the teachers names, classes they are taking, who has a sleep over when and where, times and places for practice. Their future is dependent upon

Brads influences and Presence! I fear for their emotional and educational welfare if they are deprived of seeing him.

We have always been a very close intimate family. We have been together through many good times and some really bad times. We will continue to be together to give support to Brad because he is worth supporting.

Thankyou for your consideration,

Pam Hickey

Arlyne Shannon
5087 Webster Mile Drive
Syracuse, New York   13215
315-469-1809
January 9, 2001

To Your Hon. William P. Dimitrouleas
United States District Judge
US District Court of Florida
Southern District of Florida
299 East Broward Boulevard-Room 203
Fort Lauderdale, Florida   33301

RE:    US v. Bradley Hertz
Case No. 00-6207-cr-wpd

I am writing on behalf of my brother, Bradley Hertz. On February 16th my brother
will be coming before your court for sentencing. I feel strongly that what happens on that
day will have an immense impact on the rest of the family. My mother's legacy to us has
been "your family is the most important thing in your lives". Therefore, I hope this letter
conveys my strong feelings and respect for my brother.

To understand how I feel now towards my brother I would need to start from his
birth. I can vividly remember him coming home to our new house in Bethpage and
thinking how lucky we are. From that point on I relished having a brother. Brad only
wanted to please my sister and me. He exhibited from an early age creativity, as well as
extreme sensitivity. At one point we were even double dating in High School, it was
"rewarding" to see how much Brad wanted to be in my company.

Our strong ties continued, he drove up to Syracuse from Long Island to participate
in my husband's stag party. My husband and I visited him as a freshman at University of
Miami. Brad transferred to University of Santa Barbara in his sophomore year. My
husband and I moved to Los Angeles the following year through my brother's
encouragement-he would send us classified ads for employment. During the 6 years we
lived in California, we saw Brad often. Again, he always went the extra mile to see us.
He always wanted us to be a part of his "group".

Besides my strong relationship with my brother I was always aware of his stronger
relationship with my parents. As a child he would fish along side my father and do
mechanical repairs on our 35 year old boat with my Dad. I always thought there was not
a task Brad could not undertake. As an adult the ties grew stronger. He worked side by
side with my parents for many years, making both my parents jubilant to have their son
with them. When one would become ill, Brad was the one to take them to the doctors and
oversee their medical care. When my mother developed lymphoma, it was my brother

who went the extra mile to get her experimental drugs to prolong her life. Since the death of my mother in 1994 Brad has been my father's right hand. My sister and I both live in New York so Brad had the responsibility of overseeing my Dad's affairs and more important my Dad. After the death of my mother my father has been deteriorating gradually. It seems it was his hearing first, then his balance, now his memory and eyesight. Brad continues to see him frequently and give him the dignity he needs to exist.

Besides having a close relationship with Brad I have been very close to his family, I am Brandon's Godmother. I have sat in on school meetings at Brad's request regarding Brandon's learning disability (I am a School Counselor). I have reviewed Brandon's IEP (Individual Education Plan) due to Brad's concern for Brandon's education. When Keegan was recommended to be retained in Kindergarten, Brad called looking for information, so he would be able to make the best decision. Brad spends a lot of quality time with his children, whether it is on the soccer field or taking a group to the movies. He has always had an open policy at his home for their friends.

I know I cannot change the guilty plea but I hope my heart felt words have helped to affect my brother's future.

Sincerely,
Arlyne Shannon

*Arlyne Shannon*



December 28, 2000    # Keiser College



Hon. William P. Dimitrouleas
United States District Judge
US District Court for the
Southern District of Florida
299 East Broward Boulevard Room 203
Fort Lauderdale, FL 33301

Re: US v. Bradley Hertz
    Case No. 00-6207-CR-WPD

Dear Judge Dimitrouleas:

I am writing to urge leniency on behalf of Brad Hertz during his sentencing on February 16, 2001.

I have known Brad Hertz since 1983. We met when my institution supported a health fair site organized by Brad and his company. At that time, I became aware of how honorable Brad is and his generosity and involvement in the community. Over the past eighteen years, I have worked with Brad in a number of organizations in which he has constantly demonstrated an open heart, a desire to help the less fortunate and a commitment to his friends. Brad has been a concerned and loving father, an outstanding entrepreneur and a loyal friend.

During the past two years, on numerous occasions Brad has expressed his concern and remorse regarding his problem with the Medicare system. I firmly believe that this life crisis has made a lasting impact on him and I am confident he would never engage in similar activities again. I have known Brad professionally and personally and respectfully ask that you look favorably upon his sentencing.

Thank you in advance for your attention to this matter.

Respectfully yours,

Arthur Keiser, Ph.D.
President

AK:bmr

Office of The President

1500 N.W. 49th Street • Ft. Lauderdale, Florida 33309 • Telephone: (954) 776-4476 • Fax: (954) 489-2974 • http://www.keisercollege.cc.fl.us

Keiser College is accredited by the Commission on Colleges of the Southern Association of Colleges and Schools to award the Associate Degree

# HEALTHCARE COUNSEL

A    PROFESSIONAL    ASSOCIATION

January 23, 2001

Hon. William P. Dimitrouleas
United States District Judge
U.S. District Court for
the Southern District of Florida
299 East Broward Boulevard, Room 203
Fort Lauderdale, Florida 33301

      Re:    U.S. v. Bradley Hertz, Case No. 00-6207-CR-WPD

Dear Judge Dimitrouleas:

      I have personally known Brad Hertz since early 1993, when I joined the law firm that had several of the Hertz family businesses as clients, and have since maintained my professional relationship with Brad as a legal counsel and business associate.

      Over the years I have found Brad to be a trustworthy, honorable, and caring businessman and a dedicated family man. In his business endeavors, I found Brad to be genuinely interested in pursuing and maintaining a lawful path, and have not known him to have conducted himself or his businesses otherwise. With respect to his personal and family life, I have known Brad to be a good and loyal friend and responsible and caring father. Brad exudes a lot of heart in his relationships with friends and family, and even business associates.

      The activity that is the subject of the matter before your honorable court is not indicative of Brad's past business practices or personal conduct nor, in my opinion, of his future business practices or personal conduct. Moreover, knowing Brad as I do, I believe he will take all steps necessary to ensure that, in any future business and personal endeavors, all laws and regulations are clearly complied with.

      I have maintained contact with Brad throughout this matter I know that he feels much regret concerning his actions and the affect they have had on his reputation, which he holds dear. He understands that, to remain in this community and be successful, he must mend his reputation and avoid further wrongful acts. It is highly unlikely that he would violate the law in the future.

      With respect to Brad's future, the future of his family, and his ability to be a productive member of society, it would not seem in anyone's best interest, including the government, to keep Brad from being able to work during the day while he makes amends. He has a history of engaging in successful businesses and being otherwise gainfully employed, and allowing him to do so would contribute to his ability to both support his family and settle his financial obligations to the government.

Hon. William P. Dimitrouleas
January 23, 2001
Page 2

I would, therefore, respectfully urge this honorable court to grant leniency in its determination of the sentence to be served by Brad Hertz.

Cordially,

Eugene P. Samuels



**TOTURA**
**& COMPANY**

ADJUSTERS ● ADMINISTRATORS ● CONSULTANTS TO THE INSURANCE INDUSTRY

REPLY TO:

P.O. Box 100009
Ft. Lauderdale, FL 33310

January 9, 2001

Hon. William P. Dimitrouleas
United States District Judge
US District Court for the
Southern District of Florida
299 E. Broward Blvd., Room 203
Fort Lauderdale, FL 33301

Dear Judge Dimitrouleas:

*Brad Hertz and I have been friends as well as professional associates for the*
*past five years.* During that time, I have found Brad to be a man of honorable
character, a man who truly loves his children as much as he loves life.

Oftentimes, during the past several years, I have been guided by Brad's advice
both in personal and business issues. Brad is unique in that he loves his family
and friends, is always upbeat and positive, and is a joy to be around.

The legal debacle that Brad currently finds himself in is totally inconsistent and
out of character for the person I have come to know so well. He has discussed
his legal problems with me and is truly sorry for his misconduct and saddened by
the shame that this has brought upon his otherwise idyllic lifestyle. I am certain
Brad is one individual who would never, in the future, violate any laws.

I would ask for your indulgence in showing leniency at sentencing time for Brad
Hertz. Brad is a person who needs to have constant contact with his family and
supportive friends as much as they need him. He has expressed to me that he
fully intends to comply with any restitution ordered even though doing so will
most certainly affect his financial condition.

**INTERNET ADDRESS** - WWW.TOTURA.COM

**FT. LAUDERDALE • MIAMI** - 954 735 5695
**FLORIDA KEYS** - 305 744 4523
**TAMPA • ST. PETERSBURG** - 813 287 1022
**FT. MYERS • NAPLES** - 941 437 3449

**JACKSONVILLE • GAINESVILLE** - 904 398 1151  FAX  904 398 9091
**ORLANDO • DAYTONA BEACH** - 407 894 6678  FAX  407 894 6694
**PALM BEACH • VERO BEACH** - 561 627 1166  FAX  561 627 1016
**FT. WALTON BEACH • PENSACOLA** - 850 862 9420  FAX  850 862 5123

**CORPORATE** - 954 351 1000  FAX  954 351 0060

Page 2
January 9, 2001
Hon. William P. Dimitrouleas


I have spent my entire working career on the civil side of the law.  My thirty-plus
years as a professional insurance adjuster have brought me in association with
persons far more sinister than the likes of Brad Hertz.  You can trust me when I
tell you that society will not be harmed by a lenient sentencing for Brad Hertz.

Respectfully,

Douglas B. Totura

Douglas B. Totura



**DONALD W. REYNOLDS**
**CENTER ON AGING**
The University of Arkansas for Medical Sciences

January 15, 2001

Honorable William P. Dimitrouleas
United States District Judge
US District Court for the Southern District of Florida
299 East Broward Blvd. Room 203
Ft. Lauderdale, FL 33301

RE:     US vs. Bradley Hertz
        Case No. 00-6207-CR-WPD

Dear Judge Dimitrouleas:

I am writing on behalf of Brad Hertz, who is to appear before you February 16, 2001 for sentencing. I have known Brad for more than five years. He is a life long friend of my husband, Kurt Heinonen, and I now count him as one of my closest friends as well. I have found Brad to be kind and generous and to go out of his way to care for his friends and family. He is an especially loving and involved parent, and for this reason Brad is our daughter's god father. Perhaps what has always impressed me most about Brad is his concern for those in need. That is why his involvement in this offense has seemed so completely out of character to me. Having spent time recently with Brad, one thing is clear, his remorse is heart-felt. At this point, his biggest concern is his family. He wants to cause them as little pain as possible and to continue to be an active presence in their lives. I know how much his two youngest children, in particular, rely on their father. I ask that you show leniency towards Brad so that he can play a positive role in their lives at a time when they both need him very much. Thank you for your consideration.

Respectfully,

Charlotte A. Peterson

Charlotte A. Peterson, Ph.D.
Associate Professor of Geriatrics

**A. F. PETTI, M.D., F.A.C.S.**
DIPLOMATE AMERICAN BOARD OF ORTHOPAEDIC SURGERY

**3500 TYLER STREET**
**HOLLYWOOD, FLORIDA 33021**
**TELEPHONE 987-6670**

December 28, 2000

HON. WILLIAM P. DIMITROULEAS
United States District Judge
US District Court for the
Southern District of Florida
299 East Broward Boulevard Room 203
Fort Lauderdale, Florida  33301

US v. Bradley Hertz

Dear Judge,

I am writing this letter on behalf of Bradley Hertz who is a patient
of mine and I have known him as a health care provider for more than
ten years. I have been his treating orthopedic surgeon for more than
five years and have also treated members of his family. I have known
him to be honest, sincere and ethical in his capacity as a director
of a homecare service. Because of the high quality of care delivered
to patients under his directorship I agreed to be the Medical Director
of Interim Healthcare for more that five years. During that time I
had the opportunity to observe his professional and ethical behavior
in his relationship to other physicians and his employees.

This particular offense for which he will receive sentencing is
completely out of character with his professional and social ethics.
He has expressed to me his extreme sorrow to be involved in the offense.
I'm sure there will be no violations of the law in the future. I am
sure he is eager to make atonement both financially and in a civil
fashion.  I would request that you show leniency to this man when all
the circumstances of the case are considered.

Sincerely,

Alfonso F. Petti, M.D.

alf/jl