AO 243 (Rev. 5/85)  MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District United States District Court Southern District of Florida |
|---|---|
| Name of Movant: **BRADLEY HERZ** | Prisoner No. 55466-004   Case No. 0:00-06207-CR-WPD |
| Place of Confinement: Federal Correctional Institution Miami, P.O. 779800, Miami, Fl. 33177 | |

UNITED STATES OF AMERICA   V. **BRADLEY HERZ**   MAGISTRATE JUDGE SORRENTINO
(name under which convicted)

## MOTION

1. Name and location of court which entered the judgment of conviction under attack **United States District Court, Southern District of Florida (Ft. Lauderdale Division)**

2. Date of judgment of conviction **February 15, 2001**

3. Length of sentence **ONE YEAR AND ONE DAY**

4. Nature of offense involved (all counts) **Violation of 18 U.S.C. §286, a Class "C" Felony**

5. What was your plea? (Check one)
   (a) Not guilty  ☐
   (b) Guilty  ☒
   (c) Nolo contendere  ☐

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

   **N/A**

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury  ☐
   (b) Judge only  ☐   **N/A**

7. Did you testify at the trial?
   Yes ☐ No ☐ **N/A**

8. Did you appeal from the judgment of conviction?
   Yes ☐ No ☒

9. If you did appeal, answer the following:

   (a) Name of court _____ N/A _____

   (b) Result _____

   (c) Date of result _____

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgment in any federal court?
    Yes ☐ No ☒

11. If your answer to 10 was "yes," give the following information:

    (a)(1) Name of court __N/A_____

       (2) Nature of proceeding _____

       (3) Grounds raised_____

       _____

       _____

       _____

       _____

       (4) Did you receive an evidentiary hearing on your petition, application or motion?
           Yes ☐ No ☐
                        N/A
       (5) Result_____

       (6) Date of result _____

    (b) As to any second petition, application or motion give the same information:

       (1) Name of court ____N/A_____

       (2) Nature of proceeding _____

       (3) Grounds raised_____

       _____

       _____

       _____

       _____

AO 243 (Rev. 5/85)

    (4) Did you receive an evidentiary hearing on your petition, application or motion?
        Yes ☐ No ☐

    (5) Result_____**N/A**_____

    (6) Date of result _____

  (c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
    (1) First petition, etc.    Yes ☐ No ☒
    (2) Second petition, etc.   Yes ☐ No ☒

  (d) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

    __Not applicable - my motion is for correction of sentence__

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

    CAUTION: If you fail to set forth all ground in this motion, you may be barred from presenting additional grounds at a later date.

    For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.

    Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.

    (a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.
    (b) Conviction obtained by use of coerced confession.

D. Ground four: __N/A__

Supporting FACTS (state *briefly* without citing cases or law): ____

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them: ____

N/A

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
Yes ☐ No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(a) At preliminary hearing  Michael James Rosen, 2400 Dixie Highway (South), Ste. 105
Miami, Florida 33313
Suite 700, Ft. Lauderdale, Fl. 33301

(b) At arraignment and plea  __Benson Weintraub__, One East Broward Blvd.
700 Barnett Bank Bldg. Plaza, Ft. Lauderdale, Fl. 33301 and
Michael James Rosen (address above)

(c) At trial _____ N/A (Plea Agreement) _____

(d) At sentencing _____ Benson Weintraub (address above) _____

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impanelled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: **COUNSEL WAS INNEFECTIVE IN NOT EXPLAINING TO DEFENDANT AND NOT ARGUING TO COURT THE APPLICABILITY OF U.S.S.G 5K2.20 ("ABERRANT BEHAVIOR) to his case (see attached)**

Supporting FACTS (state *briefly* without citing cases or law) 

please see attached motion

B. Ground two: **N/A**

Supporting FACTS (state *briefly* without citing cases or law):

C. Ground three: **N/A**

Supporting FACTS (state *briefly* without citing cases or law):

AO 243 (Rev. 5/85)

(e) On appeal ___N/A___

(f) In any post-conviction proceeding ___This is the first action and it is being brought pro se.___

(g) On appeal from any adverse ruling in a post-conviction proceeding ___N/A___

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
    Yes ☐ No ☒

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
    Yes ☐ No ☒

    (a) If so, give name and location of court which imposed sentence to be served in the future: ___N/A___

    (b) Give date and length of the above sentence: ___N/A___

    (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
    Yes ☐ No ☒

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

___N/A (PRO SE)___
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

___June 24, 2001___
(date)

Signature of Movant
BRADLEY HERZ, Pro Se
Reg. No. 55466-004

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the attached MOTION UNDER 28 U.S.C. §2255 TO VACATE, SET ASIDE OR CORRECT A SENTENCE BY PERSON IN FEDERAL CUSTODY, along with the attendant exhibits was sent via First Class United States Mail, properly addressed and with proper postage affixed, on this  2 1  day of   JUNE , 2001, to the following:

Robert N. Nicholson, AUSA
500 East Broward Boulevard
7th Floor
Ft. Lauderdale, Florida 33394-3002

Frances Weinberg
United States Probation Office
299 East Broward Boulevard, Room 409
Ft. Lauderdale, Florida 33301-1168

Michael James Rosen
2400 Dixie Highway
Suite 105
Miami, Florida 33313

Benson Weintraub
One East Broward Boulevard
700 Barnett Bank Building Plaza
Ft. Lauderdale, Florida 33301

---

The original and two copies of this motion and attachments were hand-delivered to The United States District Court, Southern District of Florida, Ft. Lauderdale Division.

BRADLEY HERZ
Reg. No. 55466-004

(6)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(Ft. Lauderdale Division)

UNITED STATES OF AMERICA )
                         )
      Plaintiff          )
                         ) CASE NUMBER: 0:00-06207-01-CR-WPD
v.                       )
                         ) MOTION UNDER 28 U.S.C §2255 TO VACATE,
BRADLEY HERZ             ) SET ASIDE OR CORRECT SENTENCE BY PERSON
                         )       IN FEDERAL CUSTODY
      Defendant          )
                         )       EMERGENCY MOTION
_____/

COMES NOW YOUR DEFENDANT, Bradley Herz, in pro se, and currently an inmate (Reg. No. 55466-004) incarcerated at Federal Correctional Institution Miami, P.O. Box 779800, Miami, Florida, 33177, interposing Haines v Kerner, 404, U.S. 519, 30 L.Ed., 2d 652, 92 S.Ct. 594 (per curiam)(1972), and respectfully submits the above-styled motion for review of this Honorable Court:

### A. GROUND ONE: Counsel was Ineffective in Not Arguing For Departure Under the United States Sentencing Guidelines (recently revised) Under §5K2.20 Aberrant Behavior (policy Statement).

The United States Sentencing Guidelines (November 1, 2000), which were in effect at the time defendant was sentenced, allow for a departure "below the applicable guideline range...in an extraordinary case if the defendant's criminal conduct constituted aberrant behavior. (U.S.S.G., November 1, 2000, pg. 381). Under "Application Notes" (Id.). the Guidelines state:

1.  For purposes of this policy statement -

    "Aberrant Behavior" means a single criminal occurrence or single criminal transaction that (A) was committed without significant planning; (B) was of limited duration; and (C) represents a marked deviation by the defendant from an otherwise law-abiding life.

(1)

Further, the Guidelines state:

2. In determining whether the court should depart on the basis of aberrant behavior, the court may consider the defendant's (A) mental and emotional conditions; (B) employment record; (C) record of prior good works; (D) motivation for committing the offense; and (E) efforts to mitigate the effects of the offense.

(Id. at pg. 382)

Defendant's counsel, in negotiating his Plea Agreement with the government, never explained this change in the guidelines, and never brought this mitigating factor into play when it clearly fit defendant's profile and circumstances leading to the sentence for his instant crime.

At defendant's sentencing hearing, conducted on February 15, 2001, the Honorable William P. Dimitroulens stated:

"I [Judge Dimitroulease] have no objection to the Bureau of Prisons placing Mr. Herz in a community correctional facility or a halfway house..."

(pg. 3 of sentencing trtanscript, attached)

Clearly recognizing that the circumstances justifying a departure under §5K2.20 must be "extraordinary," defendant points to the following facts:

### 1. MENTAL AND EMOTIONAL CONDITIONS

Defendant Hertz's father is dying from advanced Alzheimer's disease. It was brought up at initial hearing that defendant's concern for his father's health was extraordinary and gave rise to extreme emotional distress for defendant. Since his incarceration, his fears about his father's rapid deterioration have been realized: his father - who has relied on defendant to physically and emotionally care for him - has been placed in a "Hospice" (contrary to the express wishes of both defendant and his father), and is now

having his worst fears now realized - which was brought
up in his initial hearings - and the likelihood that
he will never again be with his father with whom he has
been friend and business partner, when coupled with
defendant's complete lack of control, has exacerbated the
emotional state of defendant.

## 2. EMPLOYMENT RECORD

As is evidenced by defendant's PSI, defendant has been
continuously employed and active in business for many years.
His incarceration has created a situation which exposes
his estate, his father and children's financial well-
being to potential ruin, as his business absent his
participation will suffer as will the people who so strongly
depend upon the fruits of defendant's labor in business.

## 3. RECORD OF PRIOR GOOD WORKS

Defendant has raised another child (in addition to his own
two natural children), whose name is Amber Weiss, the daughter
of a former employee. This has included financial and
emotional help as her father "disappeared" right through
paying for college. Defendant supported another young boy -
Eric Johnson - whose mother was arrested. Defendant's
fatherly interest in this failing youth produced a young
man who is currently studying genetics at Yale University.

## 4. MOTIVATION FOR COMMITTING THE OFFENSE

Defendant has constantly questioned his motives in allowing
this tragedy to wreak havoc on so many who rely on him for
support. A combination of fear that his aging father, who
was the founder of the business run by defendant, would
perceive himself as diminishing in acuity is part of the

explanation of why defendant kept his father on the
payroll. Defendant's attempt for a long time to keep
hold on a failing marriage - thus keeping things "the
same" and, thereby, create an illusion of everything
being all right is another reason for the aberrant behavior.

5. **EFFORTS TO MITIGATE THE OFFENSE**
Defendant has paid $400,000 toward his court-ordered
obligations, including $120,000  full restitution.  His
ability to complete his entire obligation under his plea
agreement rests on his ability to secure a large tenant
for the shopping center he owns and upon which the
defendant is relying to make his complete court-ordered
fine and restitution. This real estate is in serious financial
trouble as a result of the loss of an anchor tenant.  The
Shopping Center is in jeopardy and the government's second
mortgage on the property is threatened by these circumstances.
It is and has been a measure of defendant's intent to
mitigate the effects of his offense (financially) by making
certain that the assets that underly his ability to pay are
secure. It should be further noted that defendant took from
the beginning full responsibility for his actions and has not,
despite his fragile emotional state, backed away from any of
the many obligations tying him to those who rely on him
emotionally and financially.

It is uncontrovertible that the behavior leading to the instant
crime and punishment for defendant represents "a marked deviation by
the defendant from an other wise law-abiding life." As is evidenced in
defendant's PSI, he has no criminal history of any kind in the past.
The duration of his crime was limited and the psychological factors
surrounding the causes have been discussed.  And, despite the court's

(4)