UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

BRADLEY HERZ,   CASE NO. 01-7084-CIV-DIMITROULEAS
                (00-6207-CR-DIMITROULEAS)

    Petitioner,

vs.

UNITED STATES OF AMERICA.

    Respondent.
_____/

FILED by /// D.C.
JUL 2 2001
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

## ORDER DISMISSING CASE

THIS CAUSE having been heard upon Petitioner's (Herz) June 26, 2001 Motion to Vacate, Set Aside or Reduce Sentence, Pursuant to 28 U.S.C. § 2255 [DE-1] and the Court having reviewed the Court file and Pre-Sentence Investigative Report and having presided over this case, finds as follows:

1. On July 31, 2000, an information was filed which charged Petitioner[1] over a three-year period with Conspiracy to Submit False Claims [CR-DE-1].

2. On December 7, 2000, Petitioner pled guilty pursuant to the written plea agreement; it was agreed that more than minimal planning was involved, and the recommended guidelines range, after acceptance of responsibility, was Level 13, which indicated a recommended sentence of 12-18 months. The plea agreement also recommended a sentence of one year and one day [CR-DE-36, pp 3-4].

3. On February 15, 2000, Petitioner was sentenced to one year and one day in prison.

---

[1] Petitioner was charged under the name Bradley Hertz.

[CR-DE-48]. He was fined $30,000 and ordered to pay $120,000 in restitution.

4. Petitioner filed this petition on June 26, 2001, alleging counsel was ineffective for not requesting a downward departure.

5. In this petition, Herz quotes this Court, out of context, in arguing that a downward departure would have been appropriate in this case:

> "I [Judge Dimitrouleas] have no objection to the Bureau of Prisons placing Mr. Herz in a community correctional facility or a halfway house."
> [DE-2, p 2].

The correct quote is as follows:

> THE COURT: Okay. All right. So we will make the payments effective today.
> I realize that I have the discretion to make a recommendation that is persuasive, not controlling on the Bureau of Prisons. I am not comfortable making that recommendation. I have no objection to the Bureau of Prisons placing Mr. Hertz in a community correctional facility or a halfway house, but I am not comfortable making an affirmative recommendation, so I decline to do so.
> [CR-DE-49, p 3].

Clearly the Court was unwilling to even make a persuasive, but non-controlling recommendation, to the Bureau of Prisons. Saying that the Court has no objection to the Bureau's exercising its discretion in doing its job, is not much of an indication of a favorable inclination from this Court.

6. Having reviewed this case, the Court concludes that defense counsel cannot be deemed ineffective in not requesting a downward departure; it would not have been given. The Court's having discretion to depart downwardly is a far cry from exercising the discretion to do so. The Court would have denied any such request for downward departure. Consequently, Herz was not prejudiced by defense counsel's alleged ineffectiveness.

WHEREFORE, Herz's Petition is DENIED. The clerk shall deny any pending motions as moot. The clerk shall close this case.

DONE AND ORDERED in Chambers at Fort Lauderdale, Broward County, Florida, this ___ day of July, 2001.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Bradley Herz #55466-004
Federal Correctional Institution
P.O. Box 779800
Miami, FL 33177

Benson Weintraub
One East Broward Blvd., #700
Ft. Lauderdale, FL 33301

Robert Nicholson, AUSA